Argued and submitted July 1, affirmed August 14, 1991

# John MacKIMMIE
## and Ruth MacKimmie,
*Respondents,*

*v.*

## Robert C. WAYTENICK,
### Maryanna Waytenick
### and Rugged Manufacturing, Inc.,
*Appellants.*

(89C-10828; CA A66223)

815 P2d 715

Robert L. Engle, Woodburn, argued the cause for appellants. With him on the briefs was Engle & Schmidtman, Woodburn.

Paul A. Dakopolos, Salem, argued the cause for respondents. With him on the brief was Garrett, Seideman, Hemann & Robertson, P.C., Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

* Joseph, C. J., *vice* Newman, J.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action on a $20,000 promissory note.[1] In addition to evidencing an obligation, the note gave plaintiffs the option to buy shares in defendants' business, "with the above monies to be applicable to purchase of stocks [*sic*]." Defendants asserted the defense that, after the note was executed, the parties entered into an agreement, through a handwritten instrument, by which plaintiffs were to purchase the business. According to defendants, plaintiffs thereby exercised their option to apply the amount due on the note to the purchase price and the obligation was accordingly satisfied. Defendants contend that, if the alleged agreement was subject to the Statute of Frauds, it was taken out of the statute by the parties' subsequent conduct in carrying out its terms. Defendants also counterclaimed for breach of the contract.

The case was tried to the court, which found, in essence, that the parties never finalized an agreement. The court explained in its letter opinion, *inter alia*:

"There is no determining how often and how close they were to an enforceable agreement. They simply didn't, from the overall picture, make it."

Consequently, the court awarded judgment to plaintiffs on the note and also decided the counterclaim in their favor.

Defendants appeal. Their assignments of error are not in proper form and are confusingly worded. The first two state:

"1.  The trial court erred as a matter of law in finding that the parties 'failed to legally finalize a contract of sale.'

"2.  The trial court's conclusion that $20,000 should be returned to the plaintiffs by the defendants is not supported by substantial evidence in the record."

The point of the argument supporting both assignments is that there was no evidence from which it could be found that the parties did not consummate an agreement for the sale and purchase of the business. That point is incorrect.

---

[1] They also stated a claim for money had and received, which the trial court decided against them and which is not involved in the appeal.

Defendants' third assignment asserts that the "court's findings [in its opinion letter] are so inconsistent, vague, confusing and indefinite that they are insufficient to support the judgment." That argument puts the shoe on the wrong foot. The reason for the tenor of the letter is that the court was describing the inconsistent, vague, confusing and indefinite course of the parties' conduct, and the letter very clearly makes the point that their minds were never precisely at the same place at the same time.

Affirmed.